DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DARLENE MOORE,**

               **Plaintiff,**

                                                          **CIVIL ACTION**

v.

                                                          **No. 05-2025-JWL-DJW**

**RANSOM MEMORIAL HOSPITAL,**

               **Defendants**

## ORDER

Pending before the Court is Defendant's Motion to Compel Initial Disclosures (doc. 17). Plaintiff has filed no opposition to the Motion to Compel. The Court will therefore grant the motion as uncontested,[1] and will order Plaintiff to serve her Rule 26(a)(1) disclosures on or before **November 10, 2005**.

Defendant requests that it be awarded the expenses and attorney fees it has incurred in connection with filing of this Motion. Such a request is governed by Federal Rule of Civil Procedure 37(a)(4)(A). When the motion to compel disclosures is granted, Rule 37(a)(4)(A) provides that the award of expenses and fees to the moving party is mandatory, unless certain exceptions apply. The Rule provides in pertinent part: "If the motion [to compel discovery] is granted . . . the court *shall,* after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the

---

[1]*See* D. Kan. Rule 7.4 ("If a respondent fails to file a response within the time required . . . the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.").

motion, including attorney's fees, unless the court finds . . . that the opposing party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust."[2]

As Plaintiff has not filed any response to the Motion to Compel, the Court cannot find that any of the stated exceptions apply here. The Court notes that it is not required to hold a hearing before awarding these expenses and fees. Although the Court must afford the non-disclosing party an "opportunity to be heard,"[3] the Court may consider the issue of expenses and fees "on written submissions."[4] Here, Defendant expressly requested in its motion that it be awarded the expenses and fees it has incurred in bringing this motion. Although Plaintiff did not file a brief in response to the request for expenses and fee, she had the opportunity to do so. The Court therefore finds that Plaintiff has had sufficient "opportunity to be heard" within the meaning of Rule 37(a)(4).[5]

In light of the above, the Court will grant Defendant's request for expenses and fees. To aid the Court is determining the proper amount of the award, Defendant's counsel shall file, by **November 21, 2005**, an affidavit itemizing the expenses and attorney fees that Defendant has incurred in bringing this

---

[2]Fed. R. Civ. P. 37(a)(4)(A) (emphasis added).

[3]*Id.*

[4]*Bradley v. Val-Mejias*, No. 00-2395-GTV, 2001 WL 124339, at *11 n.7 (D. Kan. Oct. 9, 2001) (citing Fed.R.Civ.P. 37(a)(4) advisory committee's note).

[5]*See Boilermaker-Blacksmith Nat'l Pension Fund v. Nevada Boiler Works, Inc.,* No. 96-2168-GTV, 1997 WL 118443 (D. Kan. Mar. 11, 1997) ("opportunity to be heard" requirement of Rule 37(a) satisfied where party had opportunity to address, but did not address, sanctions in response to motion to compel containing request for sanctions).

Motion to Compel. Plaintiff shall have until **December 12, 2005** to file a response to the affidavit. Thereafter, the Court will issue an order specifying the amount of the award and the time of payment.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Initial Disclosures (doc. 17) is granted, and Plaintiff shall serve her Rule 26(a)(1) disclosures on or before **November 10, 2005.**

**IT IS FURTHER ORDERED** that Defendant's request for an award of expenses and attorney fees against Plaintiff is granted, and Defendant shall file by **November 21, 2005,** an affidavit itemizing the reasonable expenses and attorney fees it has incurred in connection with the Motion to Compel. Plaintiff's response to the affidavit shall be filed on or before **December 12, 2005.**

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 4th day of November 2005.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties