IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARLENE MOORE,

    Plaintiff,

vs.                                               Case No. 05-2025-JWL-DJW

RANSOM MEMORIAL HOSPITAL,

    Defendant.

## PROTECTIVE ORDER

The Court, upon the unopposed motion of defendant (doc. 14), and for good cause shown, enters the following Protective Order:

    1.    Confidential Documents and Information.  The following categories of documents, and the information contained in them, if produced or disclosed during the litigation, shall be treated as confidential and used only for purposes of this lawsuit:

        a.    Defendant specifically seeks to designate as confidential its financial information, the personnel files of its current and former employees, and pay information pertaining to current and former employees.

        b.    Plaintiff specifically seeks to designate as confidential Ms. Moore's personnel file, and her medical records.

    2.    Purpose of Order.  The purpose of this Order is to prevent the disclosure of documents and information deemed confidential under the terms of this Order to persons or

entities other than those involved in the prosecution or defense of this lawsuit. The Order is necessary to protect both the parties and other persons from annoyance and embarrassment.

3. Definitions.

a. "Document." As used in this Order, "document" shall mean any written, recorded, graphic, or other matter, whether produced, reproduced, or stored on paper, cards, tapes, discs, belts, charts, film, computer storage devices, or any other medium, and includes, but is not limited to, agreements, applications, calendars, charts, complaints, correspondence, diagrams, diaries, drafts, drawings, electronic mail, evaluations, files, graphs, interrogatory answers, journals, ledgers, letters, manuals, memoranda, minutes, notes, photographs, plans, proposals, records, reports, responses to requests for admissions, statements, stenographic recordings, studies, tape recordings, transcripts, and video recordings.

b. "Confidential document." As used in this Order, "confidential document" means any document designated as confidential in the manner provided by paragraph 4 of this Order and specifically designated as Confidential in paragraph 1 of this Order.

4. Designating Documents as Confidential. Any party to this action may designate as confidential a document produced after entry of this Order by conspicuously stamping or labeling the document with the word "Confidential." A document consisting of multiple documents or pages, such as a personnel file or report, may be designated as confidential in its entirety by stapling or binding the documents or pages together and stamping or labeling the cover or first document or page with the word "Confidential." Documents produced by either side shall not be treated as confidential pursuant to this Order unless they are stamped or labeled in such a fashion, except as provided in this Order. The inadvertent failure to

designate a document as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the document and the information in it shall be treated as confidential only after being properly designated. Unless otherwise ordered by the Court or stipulated by the parties, only documents relating to the subjects enumerated in paragraph 1 may be designated as confidential. Parties to this action may designate deposition testimony relating to the subjects enumerated in paragraph 1 as confidential by advising opposing counsel of record, in writing, within 20 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties, of the pages and lines of the deposition that the party believes fall under paragraph 1. Alternatively, any party may, on the record at the deposition, designate deposition testimony as confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order.

     5.    Disclosure of Confidential Documents or Information. Confidential documents and the information contained in them are to be treated as such by the party receiving them and shall be utilized by such party only for the prosecution or defense of this case. All confidential documents and the information contained in them shall be deemed subject to this Order unless otherwise ordered by the Court. Except as agreed by the parties or ordered by the Court, disclosure of such confidential documents and information is limited to:

    a.    Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court as well as jurors;

    b.    Persons with prior knowledge of the confidential documents or information;

  c. Counsel of record and other partners, associates and members of their respective firms;

  d. Counsel's legal and clerical assistants and staff;

  e. The parties, including officials, officers, directors, Board of Directors and managerial employees of defendant;

  f. Any independent document reproduction services or document recording and retrieval services;

  g. Any expert witness or outside consultant retained or consulted by any party, but only if such person needs such confidential documents or information;

  h. Any other person of whom testimony is to be taken or is taken, but only in preparation for or during his or her testimony and only to the extent necessary for such preparation or testimony and for the subsequent review of said testimony;

  i. Any mediator agreed to by the parties, but not appointed by the Court; and

  j. Insurance carriers of the defendant and all agents, adjusters, officials, officers and managerial employees thereof; and

  k. Any witness provided that counsel has a good faith belief that the witness needs to review the confidential document except that any such witness will not be given a copy of the confidential document.

  6. Duties of Persons Disclosing Confidential Documents or Information. Prior to disclosing confidential documents or the information contained in them to any person pursuant to Paragraphs 5(d), (e), (f), (g), (h), (i) or (k) the person making the disclosure shall: (1)

apprise the person to whom disclosure is to be made of their confidential nature; (2) apprise that person that the Court, pursuant to this Order, has enjoined the use of such documents or the information contained in them by such person for any purpose other than the prosecution or defense of this case and has enjoined the disclosure of such documents and information to any person, except as provided in this Order; and (3) show or deliver to that person a copy of this Order, specifically informing him or her of the contents of Paragraph 7 hereof.

7.  Duties of Persons To Whom Confidential Documents or Information Are Disclosed. Each person given access to confidential documents or the information contained in them pursuant to Paragraphs 5(c), (d), (e), (f), (g), (h), or (i) of this Order shall segregate such material, keep it strictly secure, and refrain from disclosing it in any manner, and shall keep such documents and information confidential, except as provided by the express terms of this Order.

8.  Any party seeking to file a Confidential Document must first file a motion for leave to file that particular document under seal.  If a party moves to file a transcript under seal, only that portion of the transcript containing confidential testimony shall be entitled to protection, and the party filing the motion for leave to file under seal shall seek to file only that portion of the transcript under seal.  The Clerk of the Court is directed to maintain such documents under seal, to be made available only to the Court and counsel of record for the parties, as herein provided. No portion of the documents marked confidential and filed under seal pursuant to the Court's Order shall otherwise be released except upon Court Order for good cause shown or upon the written authorization of the party(s) to whom said documents belong. If the motion to seal any of the designated confidential documents is denied, that party

may file the documents of record without a seal.

9. Disputes Concerning Designation of Confidential Documents. In the event that any party to this action disagrees at any stage of the proceedings with the designation of documents as confidential, the party shall first try to resolve the matter on an informal basis. If the dispute cannot be resolved informally, the party challenging the confidentiality of the information may apply for appropriate relief from this Court. Unless and until this Court enters such an order changing the confidential designation of the document, such document shall continue to be protected as provided for in this Order.

10. Use of Confidential Documents and Information. Unless otherwise ordered by the Court, the parties and their counsel have the right to use confidential documents and the information contained in them in the trial of this case. The parties and their counsel shall exercise reasonable care not to disclose confidential documents and the information contained in them by placing them in the public record in this case. In the event confidential documents or the information contained in them are used in any court proceeding in this case, including depositions, such documents or information shall not lose their confidential status, and the parties shall take all steps reasonably required to protect the confidentiality of the documents or information during such use.

11. Right to Object and Privileges Not Waived. The parties do not waive any right to object at trial to the admissibility of any document that falls under the scope of this Order or the right to file a motion in limine regarding the use of any such document or the information contained in it. Further, the parties do not waive any legal right or privilege to object to the

production of any document, including, but not limited to, any right or privilege under the work product doctrine or attorney-client privilege.

12.     Binding Effect of This Order.  This Order is binding upon the parties and all counsel for the parties.

13.     Return of Confidential Documents.  At the conclusion of this litigation, the parties' respective counsel shall, upon written request of the other party, return all confidential documents, including all copies of the same to the counsel of record of the party which produced that document.  The parties, however, retain the right to keep any confidential documents that were admitted as exhibits in this case.  Absent such request, at the conclusion of the litigation, all confidential documents and information derived from them shall be kept strictly confidential.  Following termination of the litigation, the provision of this Order relating to the confidentiality of the documents and the information contained in them, shall continue to be binding, except with respect to documents that are no longer confidential and if no request for the documents is made as set forth above.

14.     Nothing in this Order prevents a party from seeking additional protections with respect to the confidential documents and the information contained therein or from supplementing or modifying the terms of this Order.

IT IS THEREFORE ORDERED that Defendant's unopposed Motion for Protective Order (doc. 14) is granted.

IT IS SO ORDERED.

Dated this 8th day of November 2005.

                                  s/ David J. Waxse  
                                  Hon. David J. Waxse  
                                  U.S. Magistrate Judge

Submitted by:

s/ Arthur E. Palmer  
Arthur E. Palmer - #05949  
Goodell Stratton Edmonds & Palmer LLP  
515 South Kansas Avenue  
Topeka, Kansas 66603  
785/233-0593  
FAX: 785/233-8870

and

s/ Robert W. Green  
Robert W. Green - #06575  
Robert W. Green Chtd.  
109 W. Second Street  
PO Box 643  
Ottawa, Kansas 66067-0643

Attorneys for Defendant